CRYSTAL HOLDING COMPANY, A CORPORATION, PROSECUTOR, v. TOWN OF WESTFIELD, AND SAMUEL ARMSTRONG, HJALMAR L. BECKER, EUGENE C. HANFORD, THEODORE H. LUDWIG AND DENNIS M. LEVER, CONSTITUTING THE BOARD OF ADJUSTMENT OF THE ZONING ORDINANCE OF SAID TOWN OF WESTFIELD, DEFENDANTS.

Submitted May 18, 1929—Decided November 7, 1929.

Before Justices Trenchard, Lloyd and Case.

For the prosecutor, *Stamler & Koestler.*

For the defendants, *Paul Q. Oliver.*

Per Curiam.

This was an application for a writ of *certiorari,* a rule to show cause why the writ should not issue having been allowed by Mr. Justice Kalisch; but there is a stipulation by counsel, wherein it is agreed that this court shall consider the case as if the writ had been actually granted, and that the determination of the court shall be binding upon the parties as if heard upon a writ of *certiorari.*

The proceedings will therefore be considered as bringing up for review a determination of the board of adjustment in an appeal of the Crystal Holding Company from a refusal of the building inspector to issue a permit for the erection of an apartment house at 262 Prospect street, Westfield, the erection of which was prohibited by a zoning ordinance.

We think that the record before us will not justify us in disturbing the determination of the board of adjustment. Prospect street at the point in question is but twenty-nine feet wide between the curbs. Near by is a school where congestion has resulted in accidents. In short, we think it appears that there was evidence before the board to justify the finding of the board that the erection of an apartment house "would tend to further congest traffic at an already dangerous spot and would add greatly to the peril of school children who were obliged to pass that way."

It therefore appears to us that the decision of this court in *Bellofatto* v. *Board of Adjustment of Montclair,* 6 *N. J. Mis. R.* 512, a case where the action of the board was the same and for the same reason, and where the action of the board was sustained, is for all practical purposes conclusive as to the case at bar. The case is also controlled so far as this

court is concerned, by *Kilay* v. *Quigley,* 6 *Id.* 623, a case very similar to this in all essential features.

The writ of *certiorari* (which may be assumed to have been issued) will be dismissed, with costs.